

FILED

04/12/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0067

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0067

DIANE WENGER,

Plaintiff and Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant and Appellee.

FILED

APR 1 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellant Diane Wenger petitions this Court for rehearing of our February 16, 2021 Opinion affirming the District Court's judgment on a jury verdict in favor of Appellee State Farm Mutual Automobile Insurance Company ("State Farm"). 2021 MT 37. State Farm has responded in opposition.

Under M. R. App. P. 20, this Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion missed a question provided by a party or counsel that would have decided the case, or if our decision "conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20. Wenger argues first that this Court missed her argument that the District Court failed to ensure the jury was provided the statutory standard of care during the presentation of evidence, and second that this Court overlooked a material fact in the record when we stated that Wenger did not highlight certain irrelevant, prejudicial, and inadmissible medical information to the District Court. Upon consideration of Wenger's arguments and State Farm's response, we conclude that rehearing is not warranted.

Addressing Wenger's first assertion, we addressed at length her arguments about the District Court's handling of arguments and instructions to the jury on the statutory standard of care. Opinion, ¶¶ 14-16. Wenger concedes this analysis was correct as far as it goes but argues that it fails to address "the jury's likely misconceptions regarding the applicable standards" that may have been present at the beginning of the trial and that "there is no

downside to informing a jury of the statutory standards of care with preliminary jury instructions." As addressed in our Opinion, however, the District Court properly instructed the jury on the applicable statutes, and Wenger does not contend otherwise. She maintains that the court should have given the jury preliminary instructions on the statutory standards of care, but Wenger never offered such preliminary instructions to the District Court.

As her second ground for rehearing, Wenger argues that Footnote #5 in the Opinion overlooks "some fact material to the decision," specifically that Wenger did indeed highlight the medical evidence at issue to the District Court. She argues that she identified to the District Court "most of the medical conditions to which she objected" and directed this Court to the relevant portion of the record in her brief on appeal. Wenger does not dispute, however, that she highlighted in her appendix before this Court specific references in the records that she did not highlight before the District Court, nor does she claim that she raised any issue in the District Court regarding an infringement of her privacy interests as she emphasized on appeal.

The Court did not overlook this information in its review of the record. We were clear in the Opinion that "information in the [medical] records plainly unrelated to the crash was irrelevant and should have been redacted or excluded." Opinion ¶ 28. Our Opinion rested on the rationale that, although it was error to send irrelevant confidential medical information to the jury, inclusion of the inadmissible material in the records did not prejudice Wenger's right to a fair trial when examined on the record as a whole, especially when no one made any mention of the inadmissible material during trial. Opinion, ¶ 29. To this point, Wenger identified as "innocuous" in her appeal brief all of the conditions on the list quoted in her rehearing petition. We conclude that the Court's Opinion does not overlook a material fact.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 12 day of April, 2021.

_____
Chief Justice

2

_____

_____

_____

_____
Justices